UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00309-CHB

JONATHAN L. JOHNSON                                                                                    PETITIONER

VS.

DON BOTTOM, WARDEN                                                                                  RESPONDENT

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION**

A. Introduction

Petitioner Jonathan Johnson has filed a petition and amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1, 15). Warden Don Bottom responded (DN 18), and Johnson replied (DN 20). The District Judge referred the matter to the undersigned Magistrate Judge for findings of fact, conducting of hearings if necessary, issuing of orders on all nondispositive matters, and issuing of a report and recommendation of disposition (DN 27). For the reasons that follow, it is recommended that Johnson's petitions be dismissed with prejudice and that a Certificate of Appealability be denied as to all claims.

B. Background

The Kentucky Supreme Court summarized the facts underlying Johnson's conviction and sentence as follows:[1]

> On September 18, 2008, Appellant forced his way into Gerald Kleinhenz' home. He encountered Kleinhenz' friend, Bridget Elder, just inside the door. Elder recognized Appellant from times when she had observed him smoking cocaine. Appellant attempted to shoot her point-blank in the head, but his shotgun misfired. After this shooting failure, he stabbed her multiple times in the chest. Appellant then turned to Kleinhenz, knocked him to the floor, and attempted to shoot him as well, but once again, the gun misfired. Undeterred by his malfunctioning shotgun, Appellant

---

[1] The Kentucky Supreme Court's references to "Appellant" refer to Johnson, the petitioner in this case.

> demanded money from Kleinhenz, who tossed him $40 in cash. Appellant grabbed the money and left.
>
> After Appellant fled, Elder called 911 to report the incident. On the call, Elder described how she had been stabbed multiple times in the chest. She further exclaimed that she was dying from the wounds and wanted to talk to her mother and children. A recording of this call was played for the jury at trial.
>
> Following the trial in Jefferson Circuit Court, the jury found Appellant guilty of first-degree robbery, first-degree assault, and second-degree assault, as a persistent felony offender. The three convictions were set to run concurrently for a total sentence of 28 years, but then reduced at final sentencing to 24 years.

Johnson v. Commonwealth, No. 2009-SC-000727-MR, 2011 WL 1103346, at *1 (Ky. 2011). Johnson has presented no argument that these factual findings are erroneous, and this Court will therefore presume their accuracy. *See* 28 U.S.C. § 2254(e)(1).

Following the Kentucky Supreme Court's affirmance of his conviction, Johnson filed an RCr 11.42 motion in the Jefferson County Circuit Court, which both the trial court and the Kentucky Court of Appeals denied. *See* Johnson v. Commonwealth, NO. 2012-CA-001562-MR, 2014 WL 5802292, (Ky. Ct. App. 2014) ("Johnson II"). Johnson's present petition asserts four grounds for relief. The parties agree, and the undersigned has confirmed, that the petition is timely, and none of the claims is procedurally defaulted.

### C. Standard of Review

In relevant part, 28 U.S.C. § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2

> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The phrase "contrary to" means "'diametrically different," 'opposite in character or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405 (citing Webster's Third New International Dictionary 495 (1976)). Thus, under the "contrary to" clause of § 2254(d)(1), the Court may grant the writ if (a) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; **or** (b) the state court decides a case differently than the Supreme Court "has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-413.

Under the "unreasonable application" clause of § 2254(d)(1), the Court may grant the writ if the state court identifies the correct governing legal rule from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Id. at 407-408, 413. When the Court makes the "unreasonable application" inquiry it "should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. Thus, the state court's application of clearly established federal law must be more than simply erroneous or incorrect, it must be objectively unreasonable. Id. at 409-411; Macias v. Makowski, 291 F.3d 447, 451 (6th Cir. 2002).

### D. Petitioner's Claims

#### 1. Grounds One and Two

Grounds One and Two are functionally the same argument, and the undersigned will address both at once. In Ground One, Johnson claims ineffective assistance of counsel where trial counsel did not object to instructions authorizing the jury to find him guilty of both first-

3

degree Robbery and second-degree assault (DN 1 at PageID # 1-16, DN 15 at PageID # 120). Johnson contends this subjected him to double jeopardy. Johnson further asserts in Ground Two that appellate counsel was ineffective for failing to raise the issue on appeal. The argument is essentially that second-degree assault is a lesser included offense of first-degree robbery, and as such, a conviction for both crimes for the same act constitutes double jeopardy.

## 2. Discussion

The Kentucky Court of Appeals concluded that Johnson's trial counsel and appellate counsel were not ineffective for failing to raise a double jeopardy defense because double jeopardy was not implicated. The issue for this Court is whether that conclusion is contrary to or an unreasonable application of clearly established Supreme Court precedent. This is an attempt to bootstrap a procedurally defaulted double jeopardy claim that was not raised on direct appeal TO AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM. After all, if there was no double jeopardy, then counsel could not have been ineffective for failing to object at trial, and likewise appellate counsel for choosing not to raise the argument on direct appeal. On the other hand, if Johnson's convictions for first-degree robbery and second-degree assault do violate the Fifth Amendment's Double Jeopardy Clause, then trial and appellate counsel's failure to raise the issue likely constitutes deficient performance. Mapes v. Tate, 388 F.3d 187, 192 (6th Cir. 2004).

The Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. This guarantee applies to the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 794 (1969). In Blockburger v. United States, the Supreme Court set forth a rule for determining whether two offenses are sufficiently distinguishable to permit imposition of cumulative punishment. 284 U.S. 299, 304 (1932). It explained as follows:

4

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. . . .

Id. (citing Gavieres v. United States, 220 U.S. 338, 342 (1911)).

This test emphasizes the elements of the two crimes. Brown v. Ohio, 432 U.S. 161, 166 (1977). "If each crime requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes…" Brown, 432 U.S. at 166 (quoting Iannelli v. United States, 420 U.S. 770, 785 n. 17 (1975)). The elements test emphasizes the elements of the two crimes. Thus, evidence offered may substantially overlap and not offend the Blockburger test. Brown v. Ohio, 432 U.S. at 166; United States v. Siers, 873 F.2d 747 (4th Cir. 1989).

Therefore, the undersigned must compare the elements of the statutes with which Johnson was charged. The section of the first-degree robbery statute with which Johnson was charged reads as follows:

> (1) A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:
>
> (a) Causes physical injury to any person who is not a participant in the crime. . .

Ky. Rev. Stat. § 515.020(1)(a).

The section of the second-degree assault statute with which Johnson was charged reads as follows:

> (1) A person is guilty of assault in the second degree when:
> . . .

5

> (b) He intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument[.]

Ky. Rev. Stat. § 508.020(1)(b). Clearly, the robbery statute contains an element of theft not present in the assault statute, and the only question is whether second-degree assault is a lesser included offense of first-degree robbery. To that end, the assault statute requires that the cause of a physical injury be a deadly weapon or a dangerous instrument. The robbery statute contains no such element. Additionally, the relevant portion of the robbery statute requires the injury to be suffered by an individual not involved in the crime, and the assault statute lacks this element. Even the elements that the perpetrator cause a physical injury are different where the assault statute requires the injury to be inflicted intentionally, and the robbery statute does not. The undersigned therefore concludes that Johnson was never in danger of being twice put in jeopardy, and both his trial counsel and appellate counsel's performance was not deficient as a result.

Because the undersigned agrees with the Kentucky Court of Appeals' conclusion that double jeopardy was not implicated in Johnson's case, it goes without saying that the undersigned further concludes that the Court of Appeals' decision was not contrary to or an unreasonable application of clearly established federal law. The Court of Appeals noted the proper federal standards for both ineffective assistance of counsel and double jeopardy. Johnson II, 2014 WL 5802292, at *1-*2. In its double jeopardy analysis, the Court of appeals wrote:

> Contrary to Johnson's assertion, the first-degree robbery and second-degree assault convictions each required proof of an element the other did not. The robbery conviction required an element of theft that the assault conviction did not require. And the physical injury for the robbery conviction need not have been intended. By contrast, the assault conviction required the use of a dangerous instrument that the robbery conviction did not require and the physical injury must have been intentional. The fact that the robbery instruction identified a gun and/or knife as the weapon

6

> used to inflict the injury is immaterial. As charged in this case, the second-degree assault was not a lesser-included offense of first-degree robbery.

Id. at *3. This analysis is correct, and it is therefore recommended that Johnson's Grounds One and Two be dismissed.

The final issue is whether a Certificate of Appealability should issue as to these claims. When the Court rejects a claim on the merits, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the double jeopardy analysis is straightforward, and reasonable jurists would not find the issue debatable or wrong. Therefore, it is recommended that a Certificate of Appealability be denied as to Grounds One and Two.

### 3. Ground Three

Ground Three argues that the trial court erred in not ordering a mistrial when Bridget Elder testified that she had seen Johnson smoking crack (DN 15 at PageID # 124-26). The Kentucky Supreme Court addressed this argument on Johnson's direct appeal and held that, while such evidence is inadmissible pursuant to KRE 404(b), in Johnson's case, the testimony was cut off immediately by counsel's objection, the Court admonished the jury, and there was nothing particularly inflammatory or incurably prejudicial about the statement. Johnson, 2011 WL 1103346 at *2-*3. As a result, the Court held that admonition rather than a mistrial was the appropriate remedy. Id. at *3.

Johnson has not advanced an argument describing what clearly established federal law the Kentucky Supreme Court's decision violates. But the undersigned suggests that most relevant is the established rule, from no less than Justice Story, that "[t]o be sure, the power [to declare a mistrial] ought to be used with the greatest caution, under urgent circumstances, and for

very plain and obvious causes[.]" United States v. Perez, 22 U.S. 579, 580 (1824). The mere statement that a witness saw her attacker at a different time smoking crack does not even come near necessitating such an extreme remedy. The Kentucky Supreme Court's decision was not an unreasonable application of clearly established federal law, and the undersigned recommends this claim be dismissed.

The final issue is whether a Certificate of Appealability should issue as to this claim. When the Court rejects a claim on the merits, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the undersigned agrees with the unanimous Kentucky Supreme Court that the statement about Johnson's drug use in no way required a mistrial, and reasonable jurists would not find the issue debatable or wrong. Therefore, it is recommended that a Certificate of Appealability be denied as to Ground Three.

### 4. Ground Four

In Ground Four, Johnson argues the trial court erred by allowing the jury to hear the 911 call that Bridget Elder placed after Johnson stabbed her (DN 15 at PageID # 127-28). Johnson himself notes that the trial court specified that Ms. Elder would need to testify herself before the 911 call could be played (Id.). This ruling came after Johnson's counsel objected on Confrontation Clause grounds. But Ms. Elder did testify, which removes the one possible federal claim Johnson might raise in this claim. The Kentucky Supreme Court appropriately addressed the issue on state law evidentiary grounds. Johnson, 2011 WL 1103346t at *2-*3. The Supreme Court has stated many times that "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ( quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also Pulley v. Harris, 465 U.S. 37, 41(1984). It is not the

province of a "federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 68. In conducting habeas review, the court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. Section 2254(a).

Here, Johnson's petition appears to seek a review of the Kentucky Supreme Court's evidentiary ruling. For the reasons stated above, no such review is possible in this Court. The undersigned therefore recommends this claim be dismissed.

The final issue is whether a Certificate of Appealability should issue as to this claim. When the Court rejects a claim on the merits, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Johnson has failed to articulate a constitutional claim at all, and even liberal construction of the petition does not reveal one. Reasonable jurists would not find the issue debatable or wrong. Therefore, it is recommended that a Certificate of Appealability be denied as to Ground Four.

## Recommendation

It is recommended that the petition (DN 1) and amended petition (DN 15) be dismissed with prejudice and that a Certificate of Appealability not issue as to the claims asserted therein.

**Notice**

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Copies:   Jonathan L. Johnson, *pro se*
          Counsel of Record