UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JONATHON L. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:15-CV-309-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| DON BOTTOM, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Jonathan L. Johnson filed a motion [R. 32] to alter or amend the judgment adopting the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation and denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He cites to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. He states that he did not receive the Findings of Fact, Conclusions of Law, and Recommendation [R. 28] entered on July 19, 2018, and, thus, did not have the opportunity to file objections before the Court's Order and Judgment were entered on January 11, 2019 [R. 30; R. 31] adopting the Findings of Fact, Conclusions of Law, and Recommendation and denying his habeas petition. Petitioner's motion was filed within 28 days of the Court's entry of the Order and Judgment dismissing his case.

A review of the docket of this case reveals that on November 26, 2018, after the Findings of Fact, Conclusions of Law, and Recommendation were entered and before the Court dismissed his petition, Petitioner filed a letter [R. 29] asking about the status of his case. Nothing in this letter indicates that he was aware that the Findings of Fact, Conclusions of Law, and Recommendation had been entered.

Shortly after he filed this motion, Petitioner filed a notice of appeal. Usually, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, (1982). "But when a party timely files a motion to reconsider, the district court retains jurisdiction to decide that motion notwithstanding the filing of the notice of appeal." *United States v. Banks*, 674 F. App'x 21, 124 (3d Cir. 2017) (per curiam). Further, under Rule 4 of the Federal Rules of Appellate Procedure, the time to file an appeal runs from the disposition of the filing of, *inter alia*, a motion "to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment [and] to alter or amend the judgment under Rule 59[.]" Fed. R. App. P. 4(a)(4)(A)(ii), (iv).

Rule 52(b) provides, in pertinent part, that a "court may amend its findings – or make additional findings – and may amend the judgment accordingly" and that a party may seek relief under Rules 52(b) and 59 concurrently. *See* Fed. R. Civ. P. 52(b). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

This Court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The standard is the same for Rule 52(b) motions. *Brown v. Owens Corning Inv. Review Comm.*, No. 3:06 CV 2125, 2009 WL 1362607, at *1 (N.D. Ohio May 13, 2009) (citing *Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993).

The Court finds that Petitioner's motion should be granted and that Petitioner should be afforded the opportunity to file objections to the Findings of Fact, Conclusions of Law, and Recommendation. Accordingly,

**IT IS ORDERED** that Petitioner's motion [R. 32] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Order and Judgment entered on January 11, 2019 [R. 30; R. 31], are **VACATED**.

The Clerk of Court is **DIRECTED** to send to Petitioner a copy of the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation [R. 28]. **Within fourteen (14) days after being served with a copy**, Petitioner may serve and file written objections to such findings and recommendations as provided by the Court. If Petitioner has objections, such objections must be timely filed or further appeal is waived.[1] *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984).

Petitioner also filed a notice of appeal, a motion for certificate of appealability (COA) [R. 33], and an application to appeal *in forma pauperis* [R. 35]. It appears that Petitioner did so out of an abundance of caution so that he did not lose his right to appeal. However, because the Court has now vacated the Order and Judgment Petitioner was appealing,

**IT IS ORDERED** that Petitioner's motion for COA [R. 33] and application to appeal *in forma pauperis* [R. 35] are **DENIED as moot**.

Date:     May 8, 2019

cc:     Petitioner/Appellant, *pro se*
        Counsel of record
        Clerk, Sixth Circuit Court of Appeals (No. 19-5107)
A958.009

Claria Horn Boom, District Judge
United States District Court

---

[1] The Court notes that Petitioner recently filed a document [R. 39] docketed as an Objection to the Findings of Fact, Conclusions of Law, and Recommendation. That document contains only objections to having not received the Findings of Fact, Conclusions of Law, and Recommendation, not substantive objections.